UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANNA FOSTER,

    Plaintiff,

v.                                          Case No. 04-71010

COMMISSIONER OF                     HONORABLE AVERN COHN
SOCIAL SECURITY,

    Defendant.

_____/

**MEMORANDUM AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This is a social security case. Plaintiff Dianna Foster (Foster) appeals from the final determination of the Commissioner of Social Security (Commissioner) that she was not disabled and therefore was not entitled to Social Security benefits (benefits). An Administrative Law Judge (ALJ) conducted a hearing and determined that Foster was not entitled to benefits. However, this decision was vacated and remanded by the Social Security Administrations Appeals Council (Appeals Council) for further assessment of the plaintiff's mental residual functional capacity. The ALJ's second decision found that plaintiff could perform her past relevant work. The Appeals Council denied review of the ALJ's second decision. Foster filed this action for judicial review under 42 U.S.C. § 405(g). The matter was referred to a magistrate judge, before whom Foster and the Commissioner filed cross-motions for summary judgment. The

magistrate judge issued a report and recommendation (MJRR) that the ALJ's decision be affirmed. Foster filed objections to the MJRR. Foster argues that the ALJ's decision was not supported by substantial evidence.

For the reasons that follow, Foster's motion for summary judgment is DENIED, the Commissioner's motion for summary judgment is GRANTED, and this case is DISMISSED.

## II.  Background

### A.  Factual Background

Foster was born on January 21, 1962. She has a high school education and her past work experience includes employment as a supervisor, clerical worker, and data entry clerk. These jobs allowed her to sit and get up whenever she needed, and required only minimal lifting.

Foster worked as a data entry supervisor for Visual Services until she was demoted due to concentration problems. When the company went out of business, she stopped working. She testified that she was not sure whether she would have continued working had the business not gone under. She alleged she became disabled on April 16, 2002 due to right ankle injury, obesity, depression, hallucinations, concentration problems, fatigue, and memory deficiencies**.** Plaintiff received unemployment benefits during the nine months in which she alleges she was unable to work. Like all claimants, Foster had to acknowledge that she was willing and able to work in order to receive these unemployment benefits. Plaintiff has not engaged in gainful activity since her alleged onset date of April 16, 2002.

Foster testified that she saw a psychologist once a month, but had never been hospitalized for her psychiatric problems. Plaintiff testified that she is able to cook, clean, grocery shop, attend church and do laundry on her own.

At the administrative hearing, vocational expert (VE) Dr. Asa Brown testified that plaintiff has transferable skills to computer entry work and clerical work at the sedentary level. The ALJ posed the following hypothetical question to Dr. Brown based on plaintiff's residual functional capacity (RFC):

> [A]ssume the history of psychiatric difficulties variously described as, as an unrefined type of schizophrenia, depression the elements of psychotic thinking. While the diagnoses undoubtedly sound ominous, you may assume that a reasonable interpretation of this record would suggest that this has remained an essentially stable condition for nearly the last 20 years, and that, while there may be occasional random episodes of some, some anomalies in the concentration and thinking, as a general rule, she is capable of understanding, remembering, and following instructions, follow through with the completing assigned tasks in a timely and appropriate fashion, responding appropriately to customary work pressures, supervisory personnel, coworkers, and the like.

Dr. Brown stated that an individual with plaintiff's characteristics would be capable of preforming past work, except for the supervisory position. The ALJ determined that because her impairments either alone or in combination do not meet any condition in the Medical Listings and plaintiff was not fully credible, plaintiff was not eligible for disability.

On remand, the ALJ was ordered by the Appeals Council to consider the weight of the report compiled by Foster's treating psychiatrist, Dr. Hatzenbeler. The ALJ was also required to obtain treatment notes, update medical records, and determine plaintiff's mental residual functional capacity.

At the second administrative hearing, the ALJ explained that he gave little weight

3

to the report of Dr. Hatzenbeler, as well as the report by Dr. Singhal, because their conclusions conflicted with the evidence as a whole. The ALJ determined that plaintiff did not have a degree of depression that would preclude her from performing her past semi-skilled work.

### B.  Procedural Background

On remand, the ALJ conducted a second administrative hearing on May 15, 2003. Applying the five-step analysis of 20 C.F.R. § 404.1520, the ALJ concluded that (1) Foster has not engaged in substantial gainful activity since the alleged onset of her medical conditions; (2) Neither her physical (ankle injury and arthritis) nor her mental (depression, memory, concentration, hallucinations) conditions are severe; (3) None of her impairments comes close to meeting a listed impairment; (4) Foster retains the residual functional capacity to preform sedentary past work; and (5) Plaintiff is capable of performing sedentary work with minimal lifting. Accordingly, the ALJ concluded that Foster is not disabled. The ALJ found that Foster's allegations regarding her limitations were not entirely credible because she is quite capable of attending to her own personal needs.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has filed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec.,127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). "[T]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports conclusions reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV.  Discussion

Foster argues that the ALJ's decision is not supported by substantial evidence because the judge (1) failed to give proper weight to the medical opinions in the record; and (2) the RFC was not consistent with the hypothetical question posed to the VE.

### A.  Weight Given to the Medical Opinions in the Record

Plaintiff argues that the ALJ did not give proper weight to the testimony of Dr. Hatzenbeler, Dr. Singhal and the State Agency reviewing psychologist.  The ALJ was instructed by the Appeals Council on remand to explain the weight given to Dr. Hatzenbeler's reports.  During this second hearing, the ALJ concluded that the opinions from these three medical sources were inconsistent with the evidence as a whole.

"[T]he administrative law judge is not required or indeed permitted to accept medical evidence if it is refuted by other evidence." Wilder v. Chater, 64 F.3d 335, 337 (7th Cir. 1995).  "[T]he ALJ is not bound by conclusory statements of doctors,

5

particularly where they are unsupported by detailed objective criteria and documentation." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001).

Dr. Hatzenbeler testified that Foster suffered from severe depression and psychotic features. The doctor also noted her limited ability to remember detailed instructions, maintain attention, complete a normal workday without interruptions, and maintain socially appropriate behavior. The doctor's opinions were not supported by treatment notes. The ALJ discounted Dr. Hatzenbeler's testimony based on the fact that his opinions were simply conclusory, contrary to the ALJ's observations of Foster, and the fact that Foster's own testimony undermined the doctor's opinions. Foster testified she was capable of visiting others, reading, grocery shopping, attending church, living with her boyfriend, and had good relationships with her family and friends. The fact that she was capable of managing all of these tasks warranted a finding by the ALJ that she does not have a degree of depression that would preclude her from performing her past semiskilled work as a clerical work or data entry clerk.

Similarly, the ALJ discounted the reports of Dr. Singhal as being at odds with Foster's testimony. Dr. Singhal's report stated that plaintiff lived a very isolated lifestyle. However, plaintiff testified she lived with her boyfriend and visited family members. In some reports the doctor stated Foster was quite psychotic, yet other reports did not indicate any signs of ongoing psychosis of any significant degree. Additional skepticism of the doctor's report came from the fact that the his opinions were also not supported by treatment notes and the testimony seemed "geared towards establishing disability."

Lastly, the State Agency psychologist concluded that the plaintiff could perform only simple unskilled tasks, but later in 2002 concluded that claimant could preform

sedentary work.

Plaintiff argues that it is the role of doctors, not lawyers and judges, to determine whether a person suffers from a serious mental illness, and in support of this proposition she points to the case of Wilder v. Chater, 64 F.3d 335, 337 (7th Cir. 1995).  In that case, the ALJ determined that the plaintiff was not disabled, but in doing so discounted the report made by a court-appointed psychiatrist.  The Seventh Circuit held that there was not substantial evidence in the record for the ALJ to set aside the court-appointed psychiatrist's finding of disability.  In that case, the plaintiff did not testify that she was capable of preforming activities that contradicted the findings of the psychiatrist.  In this case, however, the plaintiff's own testimony contradicts that of the doctors she has hired and who appear eager to establish that she is disabled.  Therefore, unlike in Wilder, the Court should find that the ALJ was justified in discounting the medical evidence because it contradicted the evidence as a whole.

This position is strengthened by the fact that the ALJ has the power to reject a physician's opinion if it is brief, conclusory, or not supported by medically accepted clinical or laboratory diagnoses techniques.  20 C.F.R. § 404.1527(d)(2).  Because the opinions of both Dr. Hatzenbeler and Dr. Singhal were not supported by progress notes, they were conclusory.  Therefore, the ALJ's finding of no disability is supported by substantial evidence in the record**.**

### B. RFC's Consistency with Hypothetical Question

Plaintiff objects that the ALJ's hypothetical question to the VE substantially differs from Dr. Hatzenbeler's assessment of her capabilities.

A vocational expert's testimony "must be given in response to a hypothetical question that accurately describes the plaintiff in all significant, relevant respects." Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994).

> The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she can and cannot do, there exist a significant number of employment opportunities for her in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004).

Dr. Hatzenbeler's assessment indicated that Foster had markedly limited ability to: (1) understand, carry out and remember detailed instructions; (2) maintain attention and concentration for extended periods; (3) perform activities within a schedule; (4) maintain regular attendance; (5) be punctual within customary tolerances; (6) complete a normal workday and workweek without interruptions from psychologically based symptoms, and (7) perform at a consistent pace without an unreasonable number and length of rest periods.

Contrary to this assessment, the ALJ determined that this report was not credible because it contradicted the testimony of Foster herself. Thus, the ALJ set her RFC at a level consistent with the evidence as whole: "sedentary work not involving more than limited contact with co-workers or supervisors or work involving *more* than customary

8

work stress or pressure." (emphasis added).   Because the RFC is supposed to be a reflection of the evidence as a whole, the RFC was properly set by the ALJ.

Plaintiff also argues that this RFC does not match the hypothetical question that includes the following language:

> [W]hile the diagnoses undoubtedly sound ominous, you may assume that a reasonable interpretation of this record would suggest that this has remained an essentially stable condition for nearly the last 20 years, and that, while there may be occasional random episodes of some, some anomalies in the concentration and thinking, **as a general rule, she is capable of** understanding, remembering, and following instructions, follow through with the completing assigned tasks in a timely and appropriate fashion, **responding appropriately to customary work pressures, supervisory personnel, coworkers, and the like**. . . .

(emphasis added).

The RFC and the hypothetical question are consistent.  The RFC says that Foster is not capable of *more* than limited contact with co-workers, and *more* than customary work stress/pressure.  Thus, the ALJ was correct in stating that Foster could handle customary work stress/pressure.  Although the hypothetical question did include the "more than limited contact with co-workers or supervisors" aspect of the RFC, this alone does not render the hypothetical question improper.  This is especially true in light of the fact that a VE's role is to determine the availability of suitable employment for a person with the objective characteristics of the claimant, rather than to focus on the medical conditions of this particular claimant.

## V.  Conclusion

The findings and conclusions of the magistrate judge are adopted by the Court as supplemented in the above discussion.  The ALJ's decision is supported by substantial evidence.

SO ORDERED.


       s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: April 28, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2005, by electronic and/or ordinary mail.

       s/Julie Owens
Case Manager
(313) 234-5160